UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Botanic Oil Innovations, Inc., | Civil No. 10-0645 (DWF/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Rain Nutrition, LLC, Toby Norton, and Viable Options, | |
| Defendants. | |

_____

Christopher W. Madel, Esq., and Jennifer M. Robbins, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., counsel for Plaintiff.

Christopher K. Sandberg, Esq., Lockridge Grindal Nauen P.L.L.P., counsel for Defendants.

_____

# INTRODUCTION

This matter is before the Court on Defendants' motion to dismiss. For the reasons set forth below, Defendants' motion is granted.

# BACKGROUND

Plaintiff Botanic Oil Innovations, Inc. ("Botanic") is a manufacturer of natural products such as antioxidant supplements. (Compl. ¶ 2.) Dr. Arnold S. Leonard is a physician who conducted studies on Botanic's products and serves as member of Botanic's Board of Directors, the Co-Chair of Botanic's Medical/Science Committee, Co-Leader of Botanic's Medical/Science Business Unit, and member of Botanic's management team since 2003. (*Id.* ¶¶ 4, 5, 22-28.)

Defendant Rain Nutrition, LLC ("Rain") manufactures and distributes health supplements. (*Id.* ¶ 7.) Defendant Toby Norton is Rain's President, and Defendant Viable Options is a Rain distributor (together with Rain "Defendants"). (Compl. ¶¶ 16, 17.) Dr. Leonard also has a contract with Rain under which he agrees to endorse Rain products, assist in public education regarding Rain's products, consult with Rain on new product development, and be a published member of the Rain Medical and Scientific Council. (*Id.* ¶¶ 53-67.) In exchange, Rain makes payments to Dr. Leonard. (*Id.* ¶¶ 56, 66.)

On March 5, 2010, Botanic filed suit in this Court alleging that Rain and Norton aided and abetted Dr. Leonard in breaching fiduciary duties to Botanic, tortiously interfered with Dr. Leonard's contract with Botanic, received stolen property and misappropriated trade secrets, infringed Botanic's copyrighted work, made false statements about patents, and engaged in deceptive trade practices. (Compl. ¶¶ 105-49.) Botanic seeks injunctive relief from the Court to prevent Rain and Norton from using Botanic's intellectual property and a declaration that Dr. Leonard's contract with Rain is void. (*Id.* ¶¶ 150-158.)

Also on March 5, 2010, Dr. Leonard filed suit in state court asking for a declaration that his agreements with Rain are "null, void, invalid, and/or otherwise unenforceable," a rescission of his agreements with Rain, and an injunction barring Rain from using his name, reputation and work product. (Aff. of Christopher K. Sandberg ¶ 2, Ex. A.)

Defendants move for dismissal of the case on two grounds. First, they argue that Dr. Leonard is a required party, and second, they argue that the claims against Norton as an individual fail to state a claim.

## DISCUSSION

### I. Dr. Leonard

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(7) for failure to join a required party. Defendants argue that Dr. Leonard is a required party pursuant to Federal Rule of Civil Procedure 19(a)(1). Under that rule, joinder of any person subject to service of process whose presence will not destroy a court's subject matter jurisdiction[1] is required if:

> (A)  in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

---

[1]  There is no dispute that joinder of Dr. Leonard is feasible because he is subject to service of process in this district and will not destroy this Court's subject matter jurisdiction.

3

Defendants argue that Dr. Leonard is a necessary party without whom complete relief cannot be granted and whose absence will prejudice Rain and Norton. Defendants argue that Botanic's claims are based on Leonard's actions.[2] They argue that the alleged transfer of Botanic's intellectual property and information to Rain occurred through Dr. Leonard, and that Dr. Leonard is the immediate and proximate cause of Botanic's allegations. Defendants argue that the parties' relationships with Dr. Leonard and actions are so intertwined that this action cannot proceed without Dr. Leonard. They contend that the fact that Botanic and Dr. Leonard both filed lawsuits on the same day against the same Defendants regarding the same set of facts and agreements establishes that Dr. Leonard has an interest in this lawsuit. Defendants are also concerned that they will be subject to substantial risk of inconsistent obligations in this and Dr. Leonard's parallel state action.

Botanic argues that Dr. Leonard is not a necessary party because the controversy between Botanic and Defendants can be adjudicated without Dr. Leonard's presence. Botanic also argues Dr. Leonard is not a necessary party because its claims are against Defendants, not Dr. Leonard, and requests for relief are based on Defendants', not Dr. Leonard's, conduct.[3] Alternatively, Botanic argues that even if Dr. Leonard is an indispensible party, dismissal of the Complaint would be inappropriate under Rule 19.

---

[2] In fact, Defendants argue that some claims result from Dr. Leonard's acts alone. (Mem. in Supp. at 5, n.3.)

[3] Ultimately, it seems that Botanic does not want to be adversarial with Dr. Leonard.

The Court concludes that Dr. Leonard is a necessary party under Rule 19. Dr. Leonard's interests will likely be affected by the Court's decisions in this case regarding his agreements with Rain and alleged conduct. As a practical matter, Dr. Leonard's alleged acts will be at issue in this case and his ability to protect his interests may be impaired if he is not a party in this action. Defendants will also be at risk of incurring inconsistent obligations regarding Rain's agreements with Dr. Leonard. Judicial economy and preservation of resources are also reasons for the Court's decision that Dr. Leonard is a necessary party to this action.[4]

The Court grants Defendant's motion to dismiss without prejudice, but stays the dismissal for thirty (30) days. The Court will then lift the stay and withdraw the dismissal if Dr. Leonard is joined during the thirty (30) day stay. If Botanic does not join Dr. Leonard during the thirty (30) day stay, the stay will be lifted, the case will be dismissed without prejudice, and judgment will be entered.

## III. Norton

Defendants move to dismiss claims against Norton under Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d

---

[4] The Court also has serious concerns about judicial economy when different, although related, plaintiffs bring two actions against the same defendants, on the same day, regarding the same set of facts, even though the plaintiffs are represented by different lawyers. It is difficult for the Court to understand how filing these two lawsuits could be in the best interests of the parties.

185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Defendants argue that the facts alleged are insufficient to support claims against Norton as an individual. More specifically, Defendants contend that Norton's role as Rain's President and the acts of writing a letter, requesting information from Dr. Leonard, executing an agreement with Dr. Leonard, and knowing that Dr. Leonard had a duty to

6

not divulge Botanic's confidential information are not sufficient to state a claim against him.

Botanic argues that it has sufficiently pled facts regarding Norton. Botanic points out that it alleges that Norton was personally involved in contacting and stealing intellectual property from Dr. Leonard and using misleading advertising. Botanic also argues that discovery may reveal additional evidence of its claims against Norton.

The Court concludes that, as pled, the complaint fails to allege any specific facts to show that Norton is personally liable for the alleged conduct. The allegations about his personal liability are conclusory and fail "to raise a right to relief above the speculative level." The Court dismisses Norton as a defendant without prejudice.

## CONCLUSION

The Court strongly encourages the parties to work together to streamline the parallel proceedings in this Court and state court so that only one lawsuit on this matter proceeds. If the parties wish to seek mediation, the Court encourages the parties to contact Cathy Orlando, Calendar Clerk for Magistrate Judge Franklin L. Noel at 612-664-5110, to schedule a settlement conference.

## ORDER

Thus, **IT IS HEREBY ORDERED**:

1. The Court **GRANTS** Defendant's motion to dismiss without prejudice.
2. The Court **STAYS** the dismissal for thirty (30) days.
3. The Court will lift the stay and withdraw the dismissal if Dr. Arnold S. Leonard is joined as a party during the thirty (30) day stay.

7

4. If Dr. Arnold S. Leonard is not joined as a party during the thirty (30) day stay, the stay will be lifted and the case will be dismissed without prejudice and judgment will be entered.

5. Plaintiff's claims as asserted against Defendant Toby Norton are **DISMISSED WITHOUT PREJUDICE.**

Dated: September 8, 2010                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge